IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| George Holmes, | ) | C/A No. 2:14-CV-3212-TMC-WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Maj. C.E. Allen, L.T. Grant, and | ) | |
| L. T. Jeff Vortisch, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a pretrial

detainee proceeding pro se and in forma pauperis, is before the undersigned United

States Magistrate Judge for a report and recommendation on the Defendants' motion to

dismiss under FED.R.CIV.P. 12(b)(6) or, in the alternative, motion for a more definite

statement under Rule 12(e). (Dkt.20) 28 U.S.C. § 636(b)(1), and Local Rule

73.02(B)(2)(d), D.S.C.

The Plaintiff, George Holmes, is housed at the Beaufort County Detention Center

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or
Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress, except that in any action brought against a
judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not
be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

1

(BCDC) awaiting disposition following his arrest on February 4, 2014.[2]  He filed the

instant action[3] on August 11, 2014, and named Maj C.E. Allen, L.T Grant, and L.T. Jeff

Vortisch as Defendants. (Dkt. 1)   His complaint is, verbatim,

> V. ON: 2-4-2014, Here at Beaufort County Detention Center I Mr. George
> Holmes, was Place on Suicide watch at 1100 hours in IH2 cell.  RE: I was
> hearing voices of killing myself & thinking that people are out to kill me around
> 11:23.  These are the staffs thats involved: Maj C. E. Allen - L.T. Grant and
> nurse Lloyd.  They force a nother inmate that's already on suicide watch in the
> cell with me.  Now they have Both of us on suicide watch in the same cell.  His
> name: was James Dunking.. I'm scarde for my life here at B.C.D.C. They left
> both of us in the same cell on Suicide watch over night to kill each other.  When
> they did the cell search they hand cuffed us one at a time. Nothing happen right
> then but later on that night or morning I got Sexual Rape.  I woke up with Blood
> all on me and butt hole hurting.  I don't know if he infected with HIV-AIDS or have
> any disease that may be transmitted through bodily fluides.  He could have kill
> me or I could have Kill him.  I'm fear - Scared for my Life here at Beaufort County
> Detention (illegible symbol) ON: 3-6-2014, Maj C.E. Allen, and Lt Grant, force me
> in a cell on Suicide watch with no camer in the cell.  ON: 3-25-2014, here at
> Beaufort County Detention Center on Suicide watch in B-4 with no camner in the
> cell 4-9-2014, here at B.C.D.C on Suicide watch
>
> Aridgment of civil rights, Abuse Sexual - Violation of my rights
>
> L.T.Vortish, Placing paper to my cell door window of my suicide watch watch cell,
> While I'm on suicide watch.  They refused to let me call my lawyer.

---

[2] Plaintiff does not indicate why he is in custody in the BCDC, but a check of the Beaufort County
Fourteenth Judicial Circuit Public Index shows that he was arrested for robbery/common law
robbery/strong arm robbery on February 4, 2014. His bond is $150,000. He was indicted on the charge on
March 27, 2014 in 2014-GS-7-305.

[3] The court may take judicial notice of the content of its own files. See Colonial Penn Ins. Co. v.
Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ("The most frequent use of judicial notice of ascertainable facts is
in noticing the content of court records."); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572
(4th Cir.1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with
same parties).
 Here, the Plaintiff has already brought in this court eighteen (18) unsuccessful civil rights suits
concerning conditions of confinement in a detention facility or prison.  In his instant verified complaint, he
answered "No" to the question, "Have you begun other lawsuits in state or federal court dealing with the
same facts involved in this action or otherwise related to your imprisonment?"  Furthermore, he brought
substantially this same suit on March 20, 2014, and voluntarily dismissed it on April 28, 2014.  See C/A
No. : 9:14-1041-TMC-BHH.  Interestingly, Plaintiff did not allege in the previous case that cellmate
Dunking raped him.

ON: 4-6-2014, they charge me while on suicide watch with a street charge and I got Sexual Abuse - Rape

I'm fear - scared for my Life here at B.C.D.C."

V. RELIEF:

"I'm fear-scared for my Life here at B.C.D.C.

Injuntion: being Release today B.C.D.C.

Sue: Beaufort County Detention Center - All Defendants
Cash money amount of 200,000,00

To inkstorgat this case
To appoint me a lawyer

Ask this court to have all defendants drug tested

For them casing me of getting me Sexual Rape - Also to pay me 100,000,00 each

Every time I see them I think about that man Sexual Raping me...
Keep them away from me please"

## MOTION TO DISMISS

In the Defendants' motion to dismiss, they argue that the complaint failed to state a claim for damages, failed to allege any known violation of the Plaintiff's constitutional rights, and failed to allege that the Defendants were deliberately indifferent to his rights or that deliberate indifference resulted in any harm to him.  In addition, they argue that the complaint contains no allegation regarding the alleged rape that the Plaintiff apparently slept through, that the Defendants had any reason to know that by placing Mr. Duncan in a cell with the Plaintiff that the Plaintiff might be harmed. The other allegations contained in the Complaint relate to being placed in a cell

3

without a camera and with a paper flap covering the window of the cell,[4] and neither

of those allegations state a violation of any constitutionally protected rights of the

Plaintiff, nor resulted in any harm to the Plaintiff.

On October 9, 2014, the Plaintiff was provided a copy of the motion and was

given an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) advising

him of the importance of such motions and of the need for him to file an adequate

response.  On October 29, 2014, the Plaintiff filed his response to the motion to dismiss

which reads in its entirety verbatim:

> Please take Notice That of Response to the Defendant's Motion ExPlanation:
> Proximate Cause-A cause that directly produces ab event and without which, the
> event would not have occurred.  Facts of Law and facts sufficient to state cause
> action: If the staffs would not Put two Persons on suicide watch in the same cell
> together and left both of in there over night.  Why would the Presiding Federal
> District Judge ingnore a clear sufficient allegation of Law and Facts of my
> Constitutional rights have been violated (1) You can't put two persons on suicide
> watch in the same cell-room together! (Under color of State Law) Rule 56(c) I
> ask that Federal Rules-Court Subpeona the camera tape, documents, James
> Duncan, of 2-4-2014, evidence of Facts and Law, on the face of record.  The
> Motion to Dismiss the Case should not be granted.  I've set Forth Facts of Law.
> This is my Response to the Defendants Motion to Dismiss.

(Dkt. 24).

## MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) examines

the legal sufficiency of the facts alleged on the face of the Plaintiff's complaint. Edwards

v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999).  To survive a Rule 12(b)(6)

motion, "[f]actual allegations must be enough to raise a right to relief above the

---

[4] The Defendants noted that the Plaintiff habitually masturbates and/or exposes himself in his cell, which was the reason for the lack of a camera and window covering, which covering can be lifted to look into the cell.

speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955,

167 L.Ed.2d 929 (2007).  The "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v.

Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly,

550 U.S. at 570).  A claim is facially plausible when the factual content allows the court

to reasonably infer that the Defendant is liable for the misconduct alleged. Id. When

considering a motion to dismiss, the court must accept as true all of the factual

allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct.

2197, 167 L.Ed.2d 1081 (2007).  A court may consider "documents attached or

incorporated into the complaint" without converting a motion to dismiss into a motion for

summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d

435, 448 (4th Cir. 2011).  Further, "a court may consider official public records,

documents central to plaintiff's claim, and documents sufficiently referred to in the

complaint so long as the authenticity of these documents is not disputed." Witthohn v.

Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St.

Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc.,

190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if

such materials are "integral to and explicitly relied on in the complaint"); Gasner v.

Dinwiddie, 162 F.R.D. 280, 282 (E.D.Va. 1995) (permitting district court to take judicial

notice of public documents, such as court records, even when the documents are

neither referenced by nor integral to the Plaintiff's complaint)).

        In applying this standard, the court observes that it is required to liberally

construe pro se complaints. Erickson, 551 U.S. at 94.  Such pro se complaints are held

to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574

F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally

construing a complaint filed by a pro se litigant to allow the development of a potentially

meritorious case. Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163

(1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).  When a

federal court is evaluating a pro se complaint, the Plaintiff's factual allegations are

assumed to be true. Erickson, 551 U.S. at 93.  The mandated liberal construction

afforded to pro se pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the Plaintiff could prevail, it should do so; however, a

district court may not rewrite a complaint to include claims that were never presented,

Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the Plaintiff's legal

arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775

F.2d 1274, 1278 (4th Cir. 1985).

## CONSTITUTIONAL CLAIMS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a

source of substantive rights,' but merely provides 'a method for vindicating federal rights

elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127

L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689,

61 L.Ed.2d 433 (1979)).  To state a claim under Section 1983, a Plaintiff must allege:

(1) that a right secured by the Constitution or laws of the United States was violated,

and (2) that the alleged violation was committed by a person acting under the color of

state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

**DISCUSSION**

A review of the record and relevant case law reveals that the Defendants' motion to dismiss should be granted, and the motion for a more definite statement be denied as moot.

The Plaintiff's complaint read liberally alleges that the Defendants failed to protect him from an assault by his cellmate while both were on suicide watch the BCDC.  Since the Plaintiff was a pretrial detainee when he filed his Section 1983 action his claim against the Defendants for their alleged failure to protect him is governed by the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 537 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

As a practical matter, however, courts do not always distinguish between the Eighth and Fourteenth Amendments in the context of a pretrial detainee's Section 1983 claim. Hill v. Nicodemus, 979 F.2d 987, 990–92 (4th Cir. 1992); Belcher v. Oliver, 898 F.2d 32, 33 (4th Cir. 1990).  Despite the Supreme Court's suggestion that pretrial detainees may be afforded greater protection than convicted prisoners, federal appellate courts have generally analyzed both situations under the same "deliberate indifference" standard. See Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11 th Cir. 1996); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc); Zarnes v. Rhodes, 64 F.3d 285, 290 (7th Cir. 1995); Hill, 979 F.2d at 991 n. * (citing cases); Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1992); Bass v. Jackson, 790 F.2d 260, 262–63 (2d Cir. 1986).

The Eighth Amendment protects inmates from physical harm at the hands of

7

fellow inmates resulting from "the deliberate or callous indifference of prison officials to specific known risks of such harm." Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) (citing Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979)).  The United States Supreme Court and the Fourth Circuit have rejected a negligence standard in determining deliberate indifference. See Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); Moore v. Winebrenner, 927 F.2d 1312, 1315–17 (4th Cir. 1991).  Thus, merely negligent behavior on the part of a prison official in failing to protect a prisoner from a risk of harm does not present a constitutional violation. See Whitley, 475 U.S. at 319 ("[C]onduct that does not purport to be punishment at all must involve more than ordinary lack for due care.... [O]bduracy and wantonness, not inadvertence ... characterize the conduct prohibited by [the Eighth Amendment]."); see also  Moore, 927 F.2d at 1316 (citing Fourth Circuit cases adopting the Supreme Court's reasoning in Whitley ).  A Plaintiff must allege facts to show he was exposed to a substantial risk of serious harm in that if nothing was done he was almost certain to face serious injury at the hands of other inmates. See  Baze v. Rees, 553 U.S. 35, 49–50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (noting that the Eight Amendment protects against risk of future harm that is " 'sure or very likely to cause serious illness and needless suffering,' and give rise to 'sufficiently imminent dangers" (citation omitted) (emphasis in original)).

Here, the Plaintiff appears to contend that by placing him in a suicide watch cell with another person on suicide watch caused him to be assaulted, entitling him to damages.  Plaintiff does not indicate how a Defendant or all Defendants were on notice that if the Plaintiff was housed with another the Plaintiff was almost certain to face

8

serious injury or needless suffering at the hand of the cellmate.  Indeed, he does not even indicate which Defendant personally committed which act or omission of constitutional magnitude to subject him to liability.

Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's safety and consciously disregard that risk. See Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Miltier v. Beorn, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard.  A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (Citation omitted).

Here, taking Plaintiff's allegations as true and in the light most favorable to him, it appears the Plaintiff asks the court to infer that the Defendants knew or recklessly disregarded the danger by double-celling suicide watch inmates, which double-celling caused Plaintiff's assault.  The court should decline the invitation to make the inferences.  See Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir .2008) (The non-moving party's burden is not borne through mere speculation or the building of one inference upon another.)

No authority has been found to indicate that double-celling suicide watch inmates is per se violative of the Constitution.  The court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).  The Plaintiff has simply failed to plead facts sufficient to raise his right to relief above the speculative level as required by Twombly and its

progeny.    The court has been presented with nothing more than a sheer possibility that a Defendant has acted unlawfully. The motion should be granted.

### Alternative Motion for More Definite Statement Pursuant to Rule 12(e)

As an alternative ground for their motion, the Defendants have moved for a more definite statement as to the claims raised by the Plaintiff. Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Here, the Plaintiff's response to the Defendants' motion suggests that further clarification would not cure his failure to state a claim upon which relief may be granted. The only thing the Plaintiff added was his contention that it is per se violative of the Constitution to house two detainees on suicide watch together, which contention is baseless.  A more definite statement would not cure his failure to state legal grounds for a cognizable Section 1983 claim, and is , therefore, futile.

### CONCLUSION

Accordingly, based on the aforementioned reasons, it is recommended that the Defendants' motion to dismiss (Dkt. 20) be GRANTED.  The Defendants alternative ground for a more definite statement is moot and futile.  This matter should be ended.

IT IS SO RECOMMENDED.

November 7, 2104
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).